## Mishkin et al. v. Drucker Bros.

*Louis Pokras*, for plaintiffs.
*Richard A. Smith*, for defendant.

LEWIS, J., March 24, 1938.—The Act of June 25, 1937, P. L. 2072, provides that "all parties who have a right of action, whether jointly, severally or in the alternative, in respect of, or arising from, the same transaction or series of transactions, and whose actions would give rise to any common question of law or fact, may join, as plaintiffs, in one civil action."

Relying on this statute, plaintiff, Theodore Glassman, the driver of an automobile, joined with Ann Mishkin, a married woman and a passenger in the same automobile, and her husband, Samuel Mishkin, in a single action for

damages to each of the three persons, arising out of a collision between the automobile which Glassman was operating and defendant's truck, operated by the latter's employe. Defendant, by statutory demurrer, questions the right of Glassman to join as plaintiff in this suit; we believe that the statute applies.

". . . the tendency in litigation," said the Supreme Court, in Frazier et al., Execs., v. Berg et al., 306 Pa. 317, 325, "as in everything else, is in the direction of saving time and disposing of controversies in a single proceeding, if this can be accomplished and justice be done". As respects joinder of defendants, that has been accomplished by the Scire Facias Act of April 10, 1929, P. L. 479, and the amendments thereto. As respects particular relations, the joinder of plaintiffs has been accomplished by the Act of May 8, 1895, P. L. 54, requiring a husband to join in the wife's suit for personal injuries, and by the Act of May 12, 1897, P. L. 62, requiring a parent to join in the child's suit. We believe the Act of 1937, supra, sought to accomplish the same results for plaintiffs in general, and that it should be given a liberal construction. Pennsylvania is by no means alone, nor the first, in this class of legislation, and in the other States also, such statutes are liberally construed. See 1 Am. Jur. 465, sec. 77. Similarly these other States take the view that

"The object of these liberal provisions for joinder of causes of actions is to enable parties . . . to submit all their controversies for adjustment in a single action and thus to avoid multiplicity of suits": 1 Am. Jur., supra.

Defendant stresses the word "transaction", and contends that this is a word of broad meaning which should not be applied to an act giving rise to a tort action. Generally speaking, that may be so, but we do not believe that the legislature intended so to limit the application of this statute, particularly since it also used the expression "civil action." No useful purpose will be served to examine the decisions of other States construing similar

statutes. They are splendidly summarized in 1 Am. Jur. under the title Actions and subtitle Joinder of Plaintiffs, page 470, wherein it is said of the term "same transaction":

"These terms are used with a view to making broad and comprehensive provisions for joinder of causes of action in the interest of justice. . . . The dominant idea is to permit joinder of causes of action, legal or equitable, where there is some substantial unity between them"; page 470. The words "same transaction . . . as thus employed means something which has taken place whereby a cause of action has arisen": page 470.

"The word 'transaction' embraces causes of action in tort as well as those arising out of contractual relations. All such wrongs as in the regular course of events, through rights violated, have such proximate relation to a single transaction that it may legitimately be said that they arise out of it are redressible in one action . . . provided they affect all the parties and do not require separate places of trial": page 471.

"The term 'transaction' includes any occurrences or affairs the result of which vests in a party the right to maintain an action, whether the occurrences are in the nature of torts, or otherwise": page 474.

Numerous decisions are cited in the footnotes in support of the text quoted. We believe that what is there said, applies equally to the statute at bar. The connection of the driver with the operation of plaintiff's automobile and all that he did are inseparable from the transaction, and he bears a relation to the other plaintiffs which may affect their right to recover both in law and in fact. We believe that reason joins with the statute in permitting the driver's claim to be disposed of at the same time and in the same suit as that of the other parties plaintiff.

The question of law raised by the statutory demurrer is decided in favor of plaintiffs.